## BOB ARCHIBALD v. THE STATE.

### No. 2950. Decided October 12, 1904.

**1.—Burglary—Evidence—Harmless Error.**

While a State's witness was testifying he was asked by the State if he was a stranger in the county of the trial and if he did not have an uncle living in said county, to which he replied in the affirmative. Held, that the testimony was not of sufficient importance, even if erroneously admitted, to require reversal, but there was no valid reason to exclude it.

**2.—Newly Discovered Evidence—New Trial—Diligence.**

Where upon a trial for burglary it was shown that the defendant was one of the four persons seen at a certain time and place, it is not sufficient diligence in a motion for new trial upon the ground of newly discovered evidence, to show that a witness who was present during the trial, but who was not used as a witness would testify that he was on watch at the time and place detailed by the State's testimony and saw four persons then and there and that defendant was not one of the four. In addition to the other requisites for a new trial on newly discovered evidence and that he did not hear of this testimony before, the appellant was placed in such relation to the matter that he should have made inquiry of this witness during the trial, after the State had shown that this witness was present and saw these persons; which inquiry would have readily developed the facts set up in defendant's motion.

**3.—Burglary—Sufficient Evidence—Possession of Property Recently Stolen.**

Where the evidence showed that defendant and others were in the little town where the burglary of a store was committed, on the night of the burglary, and that a few days thereafter he was found in possession of and traded off some of the property taken from the house, unexplained, the same is sufficient as in theft, to sustain the conviction.

Appeal from the District Court of Johnson. Tried below before Hon. Nelson Phillips.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The State's testimony showed that a store in the town of Alvorado was burglarized at night and some eight or nine shot guns, knives and other articles taken therefrom. Sam Johnson, the cook, at a restaurant in Alvorado, saw four boys, among them the defendant, there that

night and testified that Sam Brown was on watch at the restaurant from 8 to 9 o'clock that night. He is the witness upon whose testimony the defendant applied for a new trial.

The defendant and these boys were several days afterwards seen in possession of some of the shot guns taken from the said store on the night of the burglary and they sold six of them to J. G. Gibson for $18. This is the witness who testified with reference to having an uncle residing in the country, which testimony was objected to by defendant.

The defendant's motion for new trial contained all the usual formal requisites which are necessary for a new trial upon the ground of newly discovered evidence, and especially stated that it was not owing to want of due diligence on the part of the defendant or his attorney that the testimony of said Sam Brown was not discovered and did not come to his knowledge or that of his attorney before the trial. But it failed to state that after hearing the testimony of Sam Johnson that Sam Brown was on watch at the restaurant the night of the burglary, etc., that then, during the trial, defendant made any inquiry of said Brown whether he saw defendant there that night, etc.

*B. D. Shropshire,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary. While testifying Gibson was asked if he was a stranger in Johnson county, and if he did not have an uncle living in Johnson county. These questions were answered in the affirmative, and exceptions reserved. The court approves this bill with the explanation, "that the defendant had by interrogation sought to cast suspicion upon the witness as connected with this offense." We do not believe the testimony was of a material character one way or the other; and was not of sufficient importance, even if erroneously admitted, to require a reversal of the judgment; but we see no valid reason why it was not admissible.

Motion for new trial is mainly predicated upon alleged newly discovered testimony. Sam Brown is the witness whose testimony is mentioned. He was brought to court as a witness, but he was not placed upon the stand. A negro witness testified that appellant on the night of the alleged burglary, with some other boys, was in the restaurant where Sam Brown was in charge. The negro was a cook in the restaurant. These boys were in there about 8 or 9 o'clock at night. The negro says that Sam Brown was "on watch" at the time the boys were there, between 8 and 9 o'clock. These facts were disclosed during the trial. The affidavit of Brown shows he was in attendance on the trial as a witness; that he was present on the night of the burglary in the restaurant mentioned by the negro witness, and saw the boys in that restaurant at the time mentioned by the negro witness. This affidavit

further states that he does not believe this boy to be one of those boys. The allegation is made by appellant that he did not know Sam Brown would testify to this fact. More than this is necessary to constitute this character of evidence newly discovered. The question of diligence enters into it. Here was a witness present at the trial, who could have been used by defendant, and inquiry of him could have been made after the negro witness had given his testimony. When the witness testified that Sam Brown was present and saw these boys and identified defendant as one of them who was in the restaurant, inquiry of Brown would have readily developed the facts set out in his affidavit; but nothing was done until after the trial. Appellant was placed in such relation to the matter that further inquiry should have been made during the trial. If Brown had not been present or not within reach of the court at the time the negro testified we would have had a different question. We do not believe this comes within the rule laid down for granting new trials on newly discovered testimony.

We do not agree with appellant's contention that the evidence is not sufficient. It is not controverted that the burglary was committed. The facts, though circumstantial, were sufficient to connect appellant with that burglary. The testimony of several witnesses puts him with certain other boys in the little town where the burglary was committed on the night of the burglary. A few days afterwards, in the city of Fort Worth he was found in possession of and traded off some of the property taken from the house. Under the law, as we understand it, this is sufficient evidence to justify conviction for burglary. Possession of the property recently after taken out of the house unexplained, is sufficient to connect him with the burglary. It would be sufficient to show theft. The evidence in our opinion, is sufficient. The judgment is affirmed.

*Affirmed.*

[Motion for rehearing overruled without written opinion.—Reporter.]